IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWARD RAY MCKINNEY,**<br><br>Petitioner,<br><br>**v.**<br><br><br>**ROSEMARY NDOH, Warden,**<br><br>Respondent. | Case No. 1:15-cv-01908 MJS (HC)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 7]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Warden of Avenal State Prison, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented in this action by Brian G. Smiley, of the Office of the Attorney General for the State of California. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 6, 9.)

I.    **BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings.   On September 17, 2012, Petitioner plead guilty to having engaged in three or more acts of

1   substantial sexual conduct with a child under the age of 14. On October 16, 2012,

2   Petitioner was sentenced to a determinate state prison term of sixteen years in prison.

3   (Lodged Doc. 1.)

4          Petitioner did not seek direct appeal of the conviction in state court. However,

5   Petitioner proceeded to eight collateral appeals to his conviction in state court.   (See

6   Lodged Docs. 2-18.) The petitions were filed as follows:

7          1.    California Court of Appeal, Fifth Appellate District
                 Filed: March 26, 2012[1];
8                Denied: April 26, 2012;

9          2.    Kings County Superior Court
                 Filed: May 4, 2012[2];
10               Denied: May 16, 2012;

11         3.    Kings County Superior Court
                 Filed: December 5, 2012[3];
12               Denied: February 7, 2013;

13         4.    California Court of Appeal, Fifth Appellate District
                 Filed: March 8, 2013[4];
14               Denied: March 26, 2013.

15         5.    California Court of Appeal, Fifth Appellate District
                 Filed: May 26, 2013[5];
16               Denied: June 7, 2013;

17         6.    Kings County Superior Court
                 Filed: August 18, 2013[6];
18

---

19         [1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition
    to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d
20  245 (1988); Hernandez v. Spearman, 764 F.3d 1071 (9th Cir. 2014); see also Rule 3(d) of the Rules
    Governing Section 2254 Cases. Here, Petitioner signed the petition on March 26, 2012. Accordingly, the
21  Court shall consider the petition filed on that date, rather than March 29, 2016, the date it was received.

22         [2] Petitioner signed the petition on May 4, 2012. Accordingly, the Court shall consider the petition
    filed on that date, rather than May 10, 2012, the date it was received.

23
           [3] Petitioner signed the petition on December 5, 2012. Accordingly, the Court shall consider the
24  petition filed on that date, rather than December 7, 2012, the date it was received.

25         [4] Petitioner signed the petition on March 8, 2013. Accordingly, the Court shall consider the petition
    filed on that date, rather than March 14, 2013, the date it was received.

26
           [5] Petitioner signed the petition on May 26, 2013. Accordingly, the Court shall consider the petition
27  filed on that date, rather than May 30, 2013, the date it was received.

28         [6] Petitioner signed the petition on August 18, 2013. Accordingly, the Court shall consider the
                                                                                        (continued…)

Denied: November 13, 2013;

7.   <u>California Supreme Court</u>
Filed: August 18, 2013[7];
Denied: November 13, 2013;

8.   <u>California Supreme Court</u>
Filed: August 23, 2015[8];
Denied: December 9, 2015.

(Lodged Docs. 2-18.)

Petitioner also filed a prior federal petition for writ of habeas corpus challenging the conviction. The petition was filed on November 10, 2014, and on July 27, 2015, was denied without prejudice for failure to exhaust. (Lodged Docs. 19-20.)

Petitioner filed the instant federal habeas petition on December 16, 2015.[9] (Pet.) On March 14, 2016, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot. to Dismiss, ECF No. 7.) Petitioner filed an opposition to the motion to dismiss on March 30, 2016. (ECF No. 10.) Respondent filed a reply on May 10, 2016. (ECF No. 19.)

## II.   DISCUSSION

### A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being

---

(…continued)
petition filed on that date, rather than August 20, 2013, the date it was received.

[7] Petitioner signed the petition on August 18, 2013. Accordingly, the Court shall consider the petition filed on that date, rather than August 21, 2013, the date it was received.

[8] Petitioner signed the petition on August 23, 2015. Accordingly, the Court shall consider the petition filed on that date, rather than August 27, 2015, the date it was received.

[9] Petitioner signed the petition on December 16, 2015. Accordingly, the Court shall consider the petition filed on that date, rather than December 21, 2015, the date it was received.

in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to  Rule 4.

**B.**     **Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on December 16, 2015, and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the  date  on  which  the  impediment  to  filing  an  application

4

created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. Petitioner was sentenced on October 16, 2012. Petitioner did not directly appeal the sentence. Consequently, Petitioner's conviction became final sixty days after he was sentenced when the time for filing a direct appeal expired, on December 15, 2012. Cal. Rules of Court 8.308(a); Stancle v. Clay, 692 F.3d 948, 951 (9th Cir. 2012). The AEDPA statute of limitations began to run the following day, on December 16, 2012. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from December 16, 2012, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until December 16, 2015, two years after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred as untimely.

**C.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held

1  the statute of limitations is tolled where a petitioner is properly pursuing post-conviction

2  relief, and the period is tolled during the intervals between one state court's disposition of

3  a habeas petition and the filing of a habeas petition at the next level of the state court

4  system. 536 U.S. 214, 216 (2002); <u>see also</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th

5  Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations

6  under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was

7  timely or was filed within a reasonable time under state law. <u>Pace v. DiGuglielmo</u>, 544

8  U.S. 408 (2005); <u>Evans v. Chavis</u>, 546 U.S. 189 (2006). Claims denied as untimely or

9  determined by the federal courts to have been untimely in state court will not satisfy the

10  requirements for statutory tolling. <u>Id.</u>

11        Respondent acknowledges that Petitioner is entitled to some periods of tolling

12  during the pendency of some, but not all, of the first through seventh state habeas

13  petitions filed by Petitioner. However, as Respondent notes, there is a gap of 647 days

14  from the date of denial of Petitioner's seventh state habeas petition on November 13,

15  2013, and the filing of his eighth state habeas petition on August 23, 2015. Even

16  assuming Petitioner is entitled to tolling for the period from the commencement of the

17  limitations period on December 16, 2012 until the denial of his seventh state habeas

18  petition on November 13, 2013, the delay following the seventh state habeas petition

19  alone is sufficient to cause the expiration of the one year limitations period on November

20  13, 2014.

21        Petitioner's eighth post-conviction challenge was filed August 23, 2015, over a

22  year after the limitations period expired. Such a petition filed after the expiration of the

23  statute of limitations period has no tolling effect. <u>Ferguson v. Palmateer</u>, 321 F.3d 820

24  (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period

25  that has ended before the state petition was filed.").

26        Petitioner also filed a prior federal petition for writ of habeas corpus. However,

27  federal petitions do not qualify for tolling under 28 U.S.C. § 2244(d)(2). <u>See</u> <u>Duncan v.</u>

28  <u>Walker</u>, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001); <u>King v. Ryan</u>,

1  564 F.3d 1133, 1141 (9th Cir. 2009). Accordingly, the limitations period commenced at

2  the latest on November 13, 2013, and expired a year later on November 13, 2014.

3  Petitioner filed the instant petition over a year later on December 16, 2015. The petition

4  is untimely.

5        Petitioner, in his opposition presents several arguments, none of which are found

6  availing, to show that the petition was timely filed. Petitioner complains that Respondent

7  referred to Petitioner as "plaintiff" in the motion to dismiss, and considered the first two

8  state habeas petitions filed Petitioner as "post-conviction" petitions, even though they

9  were filed prior to his conviction. Petitioner is technically correct, however, the

10  misstatements by Respondent were harmless, did not take way from the understanding

11  of the arguments presented in the motion to dismiss, and do not alter this Court's ruling

12  on the motion.

13        Petitioner also contends that his prior federal action was improperly dismissed.

14  To the extent that Petitioner wishes to challenge the dismissal, he needs to present his

15  challenges in that case or by filing an appeal of the judgment in that case.  This is not

16  the proper venue for such challenges.

17        Finally, Petitioner argues that he attempted to appeal his conviction. However, the

18  records provided do not indicate an appeal was successfully filed.

19         None of the arguments presented in Petitioner's opposition alter this Court's

20  determination that the petition was untimely filed.

21        **D.    Equitable Tolling**

22        The limitations period is subject to equitable tolling if the petitioner demonstrates:

23  "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

24  circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010);

25  quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would

26  give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th

27  Cir. 1993). Petitioner has not presented any evidence regarding equitable tolling.

28  Accordingly, Petitioner is not entitled to the benefit of equitable tolling and his petition

1  remains untimely.

2  **III.**   **CONCLUSION**

3      As explained above, Petitioner failed to file the instant petition for Habeas Corpus

4  within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner was

5  given the benefit of statutory tolling but not entitled to equitable tolling. Regardless, the

6  petition remains untimely filed. Based on the foregoing, the Court grants Respondent's

7  motion to dismiss.

8  **IV.**   **ORDER**

9      Accordingly, IT IS HEREBY ORDERED that:

10     1.   Respondent's Motion to Dismiss (Doc. 7) is GRANTED;

11     2.   The Petition for Writ of Habeas Corpus is DISMISSED with prejudice as

12          untimely;

13     3.   All pending motions are DENIED as MOOT (Docs. 11, 12, 13, 15.); and

14     4.   The Court DECLINES to issue a Certificate of Appealability.  28 U.S.C. §

15          2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a

16          COA, petitioner must show: (1) that jurists of reason would find it debatable

17          whether the petition stated a valid claim of a denial of a constitutional right;

18          and (2) that jurists of reason would find it debatable whether the district

19          court was correct in its procedural ruling. Slack, 529 U.S. 484. In the

20          present case, jurists of reason would not find debatable whether the

21          petition was properly dismissed with prejudice as time-barred under 28

22          U.S.C. § 2244(d)(1). Petitioner has not made the required substantial

23          showing of the denial of a constitutional right.

24

25  IT IS SO ORDERED.

26     Dated:   May 11, 2016            /s/ *Michael J. Seng*

27                                      UNITED STATES MAGISTRATE JUDGE

28

8